# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re:  Parkview Adventist Medical Center  ) | |
| ) | Chapter 11 |
| Debtor                    ) | Case No. 15-20442 |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION

This matter came before me on Central Maine Healthcare Corporation's ("CMHC") motion seeking reconsideration of the August 20, 2015 sale order (the "Sale Order"), and amendment of certain findings and conclusions contained therein (the "Motion to Reconsider") (Docket Entry ("DE") 336).  For the reasons discussed below, the Motion to Reconsider is **DENIED**.

Debtor Parkview Adventist Medical Center sought to sell its assets to Mid Coast Hospital by private sale (DE 194).  An extensive hearing on the private sale motion was held on August 19, 2015, during which Debtor, CMHC and Mid Coast Hospital presented evidence through witnesses, exhibits and proffers.  Based in part on the consent of the parties as to process, I denied the motion for private sale but permitted the sale of the assets by an auction, which was also held on August 19, 2015.  Two bids were presented; one each from Mid Coast Hospital and CMHC.  As agreed to by the parties, the bids were then presented to the board of directors for the Debtor who voted to accept the bid of Mid Coast Hospital over the competing bid of CMHC.  The terms of the sale were incorporated in the Sale Order.

CMHC now contends it was not allotted sufficient time to review the Sale Order, and would not have consented to its entry. However, CMHC did in fact review that order

and suggested amendments to it, which were incorporated by the Debtor before its submission to the court. Moreover, recognizing that the time to comment was short, the Debtor assured CMHC that if additional errors were found, the parties could submit an amended order by consent. CMHC did, indeed, find additional errors, and an amended sale order was entered on August 21, 2015 (DE #313) by consent of the parties.

CMHC also argues that certain findings of fact and conclusions of law contained within the Sale Order are unsupported by the record and must be removed. I disagree. After reviewing the record, including the August 19, 2015 recording of the hearing, I conclude that all findings and conclusions were adequately supported by evidence presented at trial and reasonable inferences therefrom. The process by which the sale occurred was admittedly truncated but all parties, including CMHC, agreed to the process and had the opportunity to challenge the introduction of evidence and to present countervailing evidence.

A separate order shall enter.


Dated: December 14, 2015                    /s/ Peter G. Cary
                                            Hon. Peter G. Cary
                                            Judge, U.S. Bankruptcy Court
                                            District of Maine